**Lisa Schauwecker v. State of Arizona, et al.**

**Maricopa County Superior Court No. CV2017-000952**


**EXHIBIT A:**    **VERIFICATION**


**EXHIBIT B:**    **CIVIL COVER SHEET, SUPPLEMENTAL COVER SHEET, CASE DOCKET**

**Attachment #1 – SUPPLEMENTAL COVER SHEET**

**Attachment #2 – CASE DOCKET**


**EXHIBIT C:**    **COMPLAINT AND CIVIL COVERSHEET**
**(Maricopa County Superior Court Documents)**

**Attachment #1 – CERTIFICATE REGARDING COMPULSORY ARBITRATION**

**Attachment #2 – CERTIFICATE OF SERVICE OF PROCESS OF DEFENDANTS**

**EXHIBIT A**

**VERIFICATION**

**REMOVAL FROM ANOTHER JURISDICTION**

# **VERIFICATION**

STATE OF ARIZONA    )
                        ) ss.
County of Maricopa    )

    I, LUCY M. RAND, hereby state, under the penalty of perjury, that the following information is true to my knowledge, information and belief:

    1.    I am the attorney for the State of Arizona Defendants in the matter of *Lisa Schauwecker v. State of Arizona, et al.*, CV2018-000952, currently pending in the Superior Court of the State of Arizona, Maricopa County, before the Honorable Rosa Mroz.

    2.    On April 6, 2018, I filed a Notice of Removal under 28 U.S.C. § 1441(a) seeking to remove *Lisa Schauwecker v. State of Arizona, et al.*, CV2018-000952, to the United States District Court for the District of Arizona.

    3.    In compliance with 28 U.S.C. § 1441(a) and LRCiv. 3.6(b), I certify that the attached documents are true and accurate copies of pleadings and other documents that were filed in the Superior Court of the State of Arizona, Maricopa County, *Lisa Schauwecker v. State of Arizona, et al.*, CV2018-000952.

    4.    Also attached is a true and accurate copy of the court docket in *Lisa Schauwecker v. State of Arizona, et. al.*, CV2018-000952.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

    SIGNED this 6th day of April, 2018.


_____
LUCY M. RAND

#6941253

**Attachment #2**

CASE DOCKET

Skip To MainContent

[                    ]  Search

 **ADVERTENCIA:** Estafa por medio de llamadas telefónicas y correo electrónico.    **Leer Mas...**

Civil Court Case Information - Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2018-000952 | Judge: | Mroz, Rosa |
| File Date: | 2/7/2018 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Lisa Schauwecker | Plaintiff | Female | Delano Phillips |
| State Of Arizona | Defendant | | Pro Per |
| Charles L Ryan | Defendant | Male | Pro Per |
| Keith Curran | Defendant | Male | Pro Per |
| A S P C-Florence | Defendant | | Pro Per |
| Henry Pizano | Defendant | Male | Pro Per |
| Eric Brandner | Defendant | Male | Pro Per |
| Artemio Caldera | Defendant | Male | Pro Per |
| Joseph Lopez | Defendant | Male | Pro Per |
| Shelly Sutphin | Defendant | Female | Pro Per |
| Brandon Buckholz | Defendant | Male | Pro Per |
| Arizona Department Of Corrections | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Pa |
|---|---|---|---|
| 4/3/2018 | AFS - Affidavit Of Service | 4/5/2018 | |
| NOTE: BRANDON BUCKHOLZ AND SPOUSE | | | |
| 3/29/2018 | AFS - Affidavit Of Service | 4/3/2018 | |
| NOTE: HENRY PIZANO AND JANE DOE PIZANO | | | |
| 3/29/2018 | AFS - Affidavit Of Service | 4/3/2018 | |
| NOTE: KEITH CURRAN AND JANE DOE CURRAN | | | |
| 3/29/2018 | AFS - Affidavit Of Service | 4/3/2018 | |
| NOTE: KEITH CURRAN/ ADOC FLORENCE WARDEN | | | |
| 3/23/2018 | AFS - Affidavit Of Service | 3/27/2018 | |
| NOTE: SHELLEY SUTPHIN AND JOHN DOE SUTPHIN | | | |
| 3/23/2018 | AFS - Affidavit Of Service | 3/27/2018 | |
| NOTE: JOSEPH LOPEZ AND JANE DOE LOPEZ | | | |
| 3/23/2018 | AFS - Affidavit Of Service | 3/27/2018 | |
| NOTE: ARTEMIO CALDERA AND JANE DOE CALDERA | | | |
| 3/8/2018 | AFS - Affidavit Of Service | 3/15/2018 | |
| NOTE: ARIZONA DEPARTMENT OF CORRECTIONS | | | |
| 3/8/2018 | AFS - Affidavit Of Service | 3/15/2018 | |
| NOTE: STATE OF ARIZONA | | | |
| 3/3/2018 | AFS - Affidavit Of Service | 3/15/2018 | |
| NOTE: CHARLES RYAN AND JANE DOE RYAN | | | |
| 2/7/2018 | COM - Complaint | 2/9/2018 | |
| 2/7/2018 | CCN - Cert Arbitration - Not Subject | 2/9/2018 | |
| 2/7/2018 | CSH - Coversheet | 2/9/2018 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

**EXHIBIT C**

**(Maricopa County Superior Court Documents)**

**COMPLAINT and CIVIL COVERSHEET**

MICHAEL K. JEANES
Clerk of the Superior Court
By Ashley Hatch, Deputy
Date 02/08/2018 Time 11:17:53
Description                  CASE# CV2018-000952
CIVIL NEW COMPLAINT              322.00

TOTAL AMOUNT                    322.00
                Receipt# 26400975

MICHAEL K. JEANES, CLERK
RECEIVED CCC #:
NIGHT DEPOSITORY

18 FEB -7  PM 5: 30

FILED BY: _____

Delano M. Phillips (Bar No. 030881)
**SALVADOR PHILLIPS, PLLC**
2 N. Central, Ste. 1130
Phoenix, AZ 85004
(602) 595-6873/Fax (602) 595-7026
delano@salvadorphillips.com
*Attorneys for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

LISA SCHAUWECKER and JOHN SCHAUWECKER,
Individually and as Wife and Husband, and as Surviving Mother and
Stepfather of **BRANDON BEDA**, Deceased,

**No.** CV2018-000952

                              **Plaintiffs,**

vs.

**STATE OF ARIZONA**, a body politic; **CHARLES L. RYAN,**
Director, **ARIZONA DEPARTMENT OF CORRECTIONS**, in his
official capacity; **CHARLES L. RYAN and JANE DOE RYAN,**
individually and as husband and wife; **KEITH CURRAN, WARDEN,
ASPC-FLORENCE**, in his official capacity; **KEITH CURRAN and
JANE DOE CURRAN**, individually and as husband and wife; **LT.
HENRY PIZANO and JANE DOE PIZANO**, individually and as
husband and wife; **LT. ERIC BRANDNER and JANE DOE
BRANDNER**, individually and as husband and wife; **SGT.
ARTEMIO CALDERA and JANE DOE CALDERA**, individually
and as husband and wife; **CO. II JOSEPH LOPEZ and JANE DOE
LOPEZ**, individually and as husband and wife; **CO. II SHELLY
SUTPHIN and JOHN DOE SUTPHIN**, individually and as wife and
husband; **CO. II BRANDON BUCKHOLZ and JANE DOE
BUCKHOLZ**, individually and as husband and wife; **JOHN DOES
I-X and JANE DOES I-X**, individually and as husband and wife;
**BLACK CORPORATIONS I-X and WHITE LIMITED
PARTNERSHIPS I-X,**

                              **Defendants.**

**COMPLAINT**

**(Tort – Wrongful Death)**

1

Lisa Schauwecker and John Schauwecker, by and through counsel undersigned, and as surviving Mother and in-loco-parentis Stepfather of Brandon Beda, deceased, for their Complaint hereby allege as follows:

## PARTIES

1. Plaintiffs Lisa Schauwecker and John Schauwecker are wife and husband, and residents of Phoenix, Maricopa County, Arizona.

2. Plaintiffs Lisa Schauwecker and John Schauwecker are the surviving Mother and in-loco-parentis Stepfather of Brandon Beda, deceased, who died while in custody of Defendant State of Arizona on or about February 9, 2017.

3. Plaintiff's decedent, Brandon Beda, was 28 years old at the time of his death.

4. Defendant State of Arizona is a body politic located in the southwestern United States.

5. Arizona Department of Corrections is an administrative subdivision of Defendant State of Arizona, responsible for oversight, implementation, conduct, and maintenance of the State's correctional facilities.

6. Defendant Charles L. Ryan is the duly appointed Director of the Arizona Department of Corrections, and in that capacity is responsible for overseeing, directing, and administrating implementation of policies within the state's correctional facilities.

7. Defendants Charles L. Ryan and Jane Doe Ryan, upon information and belief, are husband and wife and residents of Litchfield Park, Maricopa County,

2

SALVADOR PHILLIPS, PLLC
Attorneys-At-Law

Arizona, and at all times relevant hereto acted for and on behalf of their marital community.

8.      Defendant Keith Curran is the duly appointed Warden of ASPC-Florence, Defendant State of Arizona's correctional facility located in Florence, Pinal County, Arizona. In that capacity, Defendant Curran is responsible for the training, supervision, discipline and oversight of corrections officer staff within the prison complex.

9.      Upon information and belief, Defendants Keith Curran and Jane Doe Curran are husband and wife and residents of Pinal County, Arizona, and at all times relevant hereto acted for and on behalf of their marital community.

10.     Upon information and belief, Defendants Henry Pizano and Jane Doe Pizano are husband and wife, and residents of Pinal County, Arizona, and at all times relevant hereto acted for and on behalf of their marital community.

11.     Upon information and belief, Defendants Eric Brandner and Jane Doe Brandner are husband and wife, and residents of Pinal County, Arizona, and at all times relevant hereto acted for and on behalf of their marital community.

12.     Upon information and belief, Defendants Artemio Caldera and Jane Doe Caldera are husband and wife and residents of Pinal County, Arizona, and at all times relevant hereto acted for and on behalf of their marital community.

13.     Upon information and belief, Defendants Michael Sager and Jane Doe Sager are husband and wife and residents of Pinal County, Arizona, and at all times relevant hereto acted for and on behalf of their marital community.

SALVADOR PHILLIPS, PLLC
Attorneys-At-Law

14. Upon information and belief, Defendants Joseph Lopez and Jane Doe Lopez, are husband and wife, and residents of Pinal County Arizona, and at all times relevant hereto acted for and on behalf of their marital community.

15. Upon information and belief, Defendants Shelly Sutphin and John Doe Sutphin are wife and husband, and residents of Pinal County Arizona, and at all times relevant hereto acted for and on behalf of their marital community.

16. Upon information and belief, Defendants Jacy Dodge and John Doe Dodge are wife and husband, and residents of Pinal County, Arizona, and at all times relevant hereto acted for and on behalf of their marital community.

17. Upon information and belief, Defendants Brandon Buckholz and Jane Doe Buckholz are husband and wife and residents of Pinal County, Arizona, and at all times relevant hereto acted for and on behalf of their marital community.

18. Defendants Corizon, LLC is a foreign limited liability company, authorized to do business and doing business in the State of Arizona, and under contract to Defendant State of Arizona to provide medical and health care services to the inmates housed within ASPC-Florence.

19. Defendants John Does I-X and Jane Does I-X are individuals or married couples with responsibility for the events underlying this action, but whose identities are presently unknown to Plaintiffs, and are therefore sued under an alias. The true identities of Defendants John Does I-X and Jane Does I-X will be substituted when the same are learned.

4

SALVADOR PHILLIPS, PLLC
Attorneys-At-Law

20.     Defendants Black Corporations I-X and White Limited Partnerships I-X are corporations, limited liability companies, limited partnerships or other commercial or non-commercial entities with responsibility for the events underlying this action, but whose identities are presently unknown to Plaintiff, and so are sued under an alias. The true identities of Defendants Black Corporations I-X and White Limited Partnerships I-X will be substituted when the same are learned.

## ALLEGATIONS COMMON TO ALL COUNTS

21.     Plaintiffs reassert and reincorporate each of the previous paragraphs of their Complaint as though expressly set forth herein.

22.     At all times relevant hereto, Defendant State of Arizona, through its administrative subdivision Department of Corrections, operated correctional institutions throughout the State of Arizona.

23.     These facilities included ASPC Florence, of which Defendant Curran is Warden.

24.     At all times relevant hereto, Plaintiff's Decedent, Brandon Beda, was confined in Central Unit in ASPC Florence related to his sentence on weapons charges in CR2009-129384.

25.     At all times relevant hereto, Defendants Pizano, Brander, Caldera, Sager, Lopez, Sutphin, Dodge, Buckholz and Anderson were corrections services employees or sworn officers of Defendant State of Arizona Department of Corrections. Each, and all

5

of them, were tasked with maintaining the safety and security of the Central Unit facility at ASPC-Florence where Plaintiff's decedent was housed.

26.     At all times relevant hereto, Defendants Curran, Ryan, and State of Arizona were responsible to monitor, train, supervise, and control the actions and omissions of Defendants Pizano, Brander, Caldera, Sager, Lopez, Sutphin, Dodge, Buckholz and Anderson.

27.     At all times relevant hereto, Defendants Curran, Ryan, and State of Arizona were liable for the actions and omissions of Defendants Pizano, Brander, Caldera, Sager, Lopez, Sutphin, Dodge, Buckholz and Andeson through the operation of the doctrine of *respondeat superior*.

28.     At critical times relevant hereto, the physical plant of Central Unit at ASPC Florence was undergoing renovation, which renovation made certain electronic security equipment, including automatic doors, inoperable.

29.     The disconnection of this relevant electronic equipment allowed inmates to obtain prohibited access of the facility, and prohibited access to other inmates.

30.     Upon information and belief, Plaintiff's decedent died when other inmates accessed his cell during this period of the electronic failure.

31.     Upon information and belief, Plaintiff's decedent's death was caused by either nondeliberate overdose of narcotic drugs sold or given to Plaintiff's decedent by inmates with access to his cell block area, and/or, was caused by deliberate action by the trespassing inmates to overdose Decedent Beda, with purpose to injure or kill him.

6

32. Upon information and belief, Decedent Beda had been previously threatened with his life by inmates claiming that Decedent Beda owed them money or otherwise.

33. Upon information and belief, Decedent Beda had previously requested placement in protective custody, but his request had been rebuffed or denied.

34. Decedent Beda was not housed in protective custody at the time of his death.

35. Upon information and belief, Defendants Brandner, Caldera, Lopez, Bucholz were present in the facility and tasked with monitoring the well-being and safety of the inmates in the facility, under any physical plant condition.

36. Plaintiffs bring this action pursuant to 42 U.S.C. §1983 *et seq* including without limitation, the Eighth and Fourteenth Amendments; and Arizona common and statutory laws, including A.R.S. §12-611, *et seq*.

37. Notice of Claim pursuant to A.R.S. § 12-821.01 was timely served upon Defendants, without response.

38. Defendants, and all of them, caused certain acts and omissions to occur in Florence, Pinal County, Arizona, on or about February 9, 2017.

39. Defendants, and all of them, are liable in tort and in constitutional violation for the acts and omissions caused by themselves, in or upon the premises of ASPC Florence, on or about February 9, 2017, which acts and omissions resulted in the death of Plaintiff's decedent, Brandon Beda.

7

40.    Jurisdiction and venue are proper within this Court.

## COUNT I – Negligence

### (All Defendants)

41.    Plaintiffs reassert and reincorporate the previous paragraphs of their Complaint as though expressly set forth herein.

42.    Defendants, and all of them, owed a duty of care to Plaintiff's decedent, Brandon Beda, as well as to his Mother and Stepfather, Lisa Schauwecker and John Schauwecker (and Arizona citizens and taxpayers) to safeguard the security of the Central Unit at the ASPC-Florence complex (even while the same underwent renovation), and safeguard the lives, health, and wellbeing of the inmates housed therein, and safeguard the lives and wellbeing of non-corrections staff and visitors upon the premises.

43.    In allowing inmates free access of the facility, failing to enforce Department of Corrections provisions regarding the same, and failing to heed and adhere to the daily posting orders concerning staffing assignments during the renovation, Defendants, and all of them, created an untenably hazardous condition within the facility.

44.    Defendants knew, or should have known, that the conditions in which inmates could move unfettered throughout the facility, and were neither stopped nor apprehended, created an untenably hazardous condition within the facility, in which harm to other inmates was a likely and forseeable outcome.

8

45. This untenably hazardous condition, created through the negligence and constitutional violations of Defendants, and all of them, in which inmates could move unrestricted throughout the facility, and move contraband unrestrictedly throughout the facility, was the direct and proximate cause of the death of Plaintiff's decedent, and the direct and proximate cause of Plaintiffs' injuries and damages.

### Count II – Gross Negligence

### (All Defendants)

46. Plaintiffs reassert and reincorporate the previous paragraphs of their Complaint as though expressly set forth herein.

47. Due to the power shut-off status to the control room controlling operation of the electronic cell doors, inmates were able to move freely through the facility, were able to interact with, and menace, and threaten one another, were able to move contraband substances within the facility, and were able to access areas in the facility from which inmates were generally prohibited.

48. The free, unmonitored and unrestricted movement of inmates within a secure correctional facility, allowed to circulate contraband through the facility, and to do violence to one another, unimpeded by corrections staff in plain observation of the same, is shocking to the conscience of reasonable citizens.

49. The failure of corrections staff to secure the facility, in which inmates were able to move about unrestrictedly, shocking to the conscience of reasonable citizens, caused and resulted in the death of Plaintiff's decedent, and was the direct and

9

proximate cause of Plaintiffs' injuries and damages.

## Count IV – Infliction of Cruel and Unusual Punishment

### (All Defendants)

50.     Plaintiffs reassert and reincorporate the previous paragraphs of their Complaint as though expressly set forth herein.

51.     The 8th Amendment to the United States Constitution protects an inmate from cruel and unusual punishment.

52.     Article II, Section 15 to the Arizona Constitution protects an inmate from cruel and unusual punishment.

53.     Whether a particular event or condition in fact constitutes "cruel and unusual punishment" is gauged against "the evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)).

54.     Thus, "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.' *"Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

55.     In allowing other inmates unfettered access to Plaintiffs' decedent's cell area, allowing inmates to administer lethal intoxicants to Plaintiffs' decedent, without interference by Department of Corrections staff (who acted under color of state law) resulted in violation of Plaintiffs' decedent's constitutional right

10

SALVADOR PHILLIPS, PLLC
Attorneys-At-Law

against cruel and unusual punishment as defined in the United States and Arizona constitutions.

56. As a direct result of these acts undertaken with either an evil mind, and/or with deliberate indifference, Plaintiffs' decedent died, and, Plaintiffs have been deprived of the society, companionship, and household contribution of their son and step-son.

57. These acts undertaken in violation of the U.S. and Arizona Constitutions and which caused the death of Plaintiff's decedent are the direct and proximate cause of Plaintiffs' injuries and damages.

<u>Count IV -Violation of 42 U.S.C. § 1983 ; *Monell* Claim</u>
(All Defendants)

58. Plaintiffs reassert and reincorporate the previous paragraphs of their Complaint as though expressly set forth fully herein.

59. Defendants State of Arizona/Arizona Department of Corrections, Director Charles L. Ryan, Warden Curran, and the corrections officer defendants, maintained a policy which allowed employees and sworn officers to abandon their assignments, and in so doing, allowed inmates to move unrestricted throughout the facility, permitting occurrence of the type of wrongs described herein. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018 (1978).

60. Plaintiffs' decedent's civil rights were violated under 42 U.S.C. § 1983 as alleged hereinabove, when Plaintiffs' decedent was subject to assault by inmates accessing

11

SALVADOR PHILLIPS, PLLC
Attorneys-At-Law

his cell unmonitored, and subject to being injection with narcotics or intoxicating substances by other inmates.

61.    Plaintiffs' decedent's civil rights were violated under 42 U.S.C. § 1983 as alleged hereinabove, when Plaintiffs' decedent was not provided lifesaving antinarcotic agents within an interval of time when the same might have saved decedent's life.

62.    Defendants, and all of them, maintained a policy and/or custom of allowing facility employees and/or sworn officers to arrive late for their shifts, allowed or maintained a custom of allowing employees or sworn officers to fail to heed the post orders;  allowed inmates to move through the facility unmonitored, unrestricted, and unescorted; allowed inmates to leave their assigned cells purportedly for 'work detail' on days that the work details were cancelled; allowed inmates to interact with one another when the same was prohibited; allowed narcotics and contraband distribution and trade within the facility.

63.    The policies, customs, and practices of Defendants State of Arizona, Arizona Department of Corrections, Director Ryan, Warden Curran, and the sworn officer and DOC employee Defendants were implemented with deliberate indifference to the health, safety, and security of Plaintiffs' decedent (and others similarly situated), depriving Plaintiffs' decedent of his constitutional rights, and ultimately deprived him of his life.

64. The acts and omissions by Defendants, and all of them, were conducted in Defendants' law enforcement capacity and/or while Defendants operated under color of law.

65. As a direct and proximate result of these acts and omissions, Defendants State of Arizona, Arizona Department of Corrections, Director Charles L. Ryan, Warden Curran, and the corrections officer and corrections staff defendants, are liable for the death of Plaintiffs's decedent, and for Plaintiffs' injuries and damages, pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services, supra.*

### Count V - Wrongful Death

### (All Defendants)

66. Plaintiffs reassert and reincorporate the previous paragraphs of their Complaint as though expressly set forth herein.

67. Defendants had a duty to assure the safety and well-being of Plaintiffs' decedent, Brandon Beda, while he remained in their custody and control. This duty included, without limitation, adherence to the guidelines and directives intended to yield appropriate security and safety practices within the ASPC-Florence Central Unit facility.

68. Defendants, and all of them, in allowing inmates unrestricted movement within the facility in violation of policy, willfully ignoring that inmates had unrestricted movement within the facility, and that in having unrestricted movement within the facility, inmates were able to move contraband, including lethal narcotics, within the facility, and/or to assault one another with lethal intoxicants, thereby causing the death

13

of Plaintiffs' decedent.

69. As a direct and proximate result of the actions and omissions of Defendants, and all of them, which caused the death of Plaintiff's Decedent, Lisa Schauwecker has been deprived of the society and companionship of her son, and John Schauwecker deprived of the society and companionship of his step-son, and Plantiffs together have suffered, and will continue to suffer pain, grief, sorrow, stress, shock, and mental anguish, and have suffered economic and non-economic damages.

70. As a direct and proximate result of the actions and omissions of Defendants, and all of them, resulting in the death of Plaintiffs' Decedent, Plaintiffs Lisa Schauwecker and John Schauwecker have incurred expenses, including funeral and burial expenses.

### Count VI – Negligent Training and Supervision
### (Defendants Arizona, Ryan, and Curran)

71. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

72. Defendants State of Arizona, ADOC Director Charles Ryan, and Warden Curran owed a duty of care to Brandon Beda, as an inmate in their custody, and to John Schauwecker and Lisa Schauwecker as Arizona citizens and taxpayers, to ensure that the employees, officers and agents under their supervision and control were qualified to serve in their respective roles, had been properly trained in their responsibilities, and possessed sufficient skill and knowledge to perform the assigned tasks, including maintaining inmate control in a physical facility undergoing renovation or repairs.

14

73.     In failing to train, monitor, and control officers to take appropriate action when inmates moved unrestricted within the facility, or accessed cell block areas on which they did not reside, and transported contraband between separate areas of the facility, Defendants State of Arizona, ADOC Director Ryan, and Warden Curran, the sworn officers, and Department of Corrections employees breached this duty of care, directly and/or proximately causing the death of Plaintiff's decedent, and directly and proximately causing Plaintiff's injuries and damages.

### JURY DEMAND

Plaintiffs hereby demand trial by jury on all counts.

### PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiffs pray that the Court enter Judgment on their behalf, and against the Defendants, and each of them, as follows:

For their compensatory, general and special damages, in an amount to be proven at trial;

For punitive damages in an amount appropriate to punish Defendants' wrongful conduct, and to deter others from such conduct in the future;

For their pre-and post-judgment interest at the statutory rate;

SALVADOR PHILLIPS, PLLC
Attorneys-At-Law

For their reasonable costs and attorneys' fees pursuant to 42 U.S.C. §1988 and as otherwise authorized by any other statute or law; and

For such other and further relief as this Court deems just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 6<u>th</u> day of February, 2018.

**SALVADOR PHILLIPS, PLLC,**

By     *Delano M. Phillips, Esq.*
Delano M. Phillips, Esq.
2 N. Central, Ste. 1130
Phoenix, AZ 85004
*Attorney for Defendants*

16

**In the Superior Court of the State of Arizona**
**In and For the County of** Maricopa

# CV2018-000952

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

18 FEB -7 PM 5: 30

FILED BY: _Metrl_

**Is Interpreter Needed?** ☐ Yes ☒ No
**If yes, what language:**

Plaintiff's Attorney  Delano M. Phillips

Attorney Bar Number  030881

**Plaintiff's Name(s): (List all)**   **Plaintiff's Address:**   **Phone #:**   **Email Address:**

Lisa Schauwecker and John Shauwecker, Individually and as Wife and Husband,

and as Surviving Mother and Stepfather of Brandon Beda, Deceased

c/o Salvador Phillips, 2 N. Central, Ste. 1130, Phoenix, AZ 85004

(List additional plaintiffs on page two and/or attach a separate sheet).

**Defendant's Name(s): (List All)**   State of Arizona, a body politic; Charles L. Ryan, Director, Arizona Department of

Corrections, in his official capacity; Charles L. Ryan and Jane Doe Ryan, Individually and as Husband and Wife; Keith Curran, Warden

(List additional defendants on page two and/or attach a separate sheet)

**EMERGENCY ORDER SOUGHT:**   ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC

☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)

☐ **RULE 8(i) COMPLEX LITIGATION APPLIES.** Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ **THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1.** (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category.** The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

**(Place an "X" next to the one case category that most accurately describes your primary case.)**

### 100 TORT MOTOR VEHICLE:

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☒ 103 Wrongful Death

### 110 TORT NON-MOTOR VEHICLE:

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

### 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O   ☐ 124 Other

## 130 CONTRACTS:

- ☐ 131 Account (Open or Stated)
- ☐ 132 Promissory Note
- ☐ 133 Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☐ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ 136 Six to Nineteen Structures
  - ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Special Action against Lower Courts (See lower court appeal cover sheet in Maricopa)

- ☐ 194 Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☐ 185 Employment Dispute-Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☐ 163 Other _____ (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

## Additional Plaintiff(s)

_____

_____

## Additional Defendant(s)

ASPC-Florence, in official capacity; Keith Curran and Jane Doe Curran, individually and as Husband and Wife;

Lt. Henry Pizano and Jane Doe Pizano, Individually and as Husband and Wife; (continued on Page 3)

**Additional Defendant(s), continued:**

Lt. Eric Brandner and Jane Doe Brandner, individually and as husband and wife; Sgt. Artemio Caldera and

Jane  Doe Caldera, individually and as husband and wife; Co. II Joseph Lopez and Jane Doe Lopez,

individually and as husband and wife; Co. II Shelly Sutphin and John Doe Sutphin, individually and as wife

and husband; Co. II Brandon Buckholz and Jane Doe Buckholz, individually and as husband and wife;

John Does I-X and Jane Does I-X, individually and as husband and  wife; Black Corporations I-X and White

Limited Partnerships I-X,

                                                         Defendants.

# Attachment #1

**Certificate Regarding Compulsory Arbitration (Not Subject To)**

MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

18 FEB -7 PM 5: 30

FILED BY: *Watch*

1   Delano M. Phillips (Bar No. 030881)
2   **SALVADOR PHILLIPS, PLLC**
3   2 N. Central, Ste. 1130
    Phoenix, AZ 85004
4   (602) 595-6873/Fax (602) 595-7026
    delano@salvadorphillips.com
5   *Attorneys for Plaintiff*

6          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7              **IN AND FOR THE COUNTY OF MARICOPA**

8

9   **LISA SCHAUWECKER and JOHN SCHAUWECKER,**
    Individually and as Wife and Husband, and as Surviving Mother          CV2018-000952
10  and Stepfather of **BRANDON BEDA,** Deceased,                          No.

11                          Plaintiffs,

12  vs.

13  **STATE OF ARIZONA,** a body politic; **CHARLES L. RYAN,**
    Director, **ARIZONA DEPARTMENT OF CORRECTIONS,**
14  in his official capacity; **CHARLES L. RYAN and JANE DOE**
    **RYAN,** individually and as husband and wife; **KEITH**
15  **CURRAN, WARDEN, ASPC-FLORENCE,** in his official                     **CERTIFICATE**
    capacity; **KEITH CURRAN and JANE DOE CURRAN,**                        **REGARDING**
16  individually and as husband and wife; **LT. HENRY PIZANO**             **COMPULSORY**
    **and JANE DOE PIZANO,** individually and as husband and               **ARBITRATION**
17  wife; **LT. ERIC BRANDNER and JANE DOE BRANDNER,**
    individually and as husband and wife; **SGT. ARTEMIO**                 **(Not Subject To)**
18  **CALDERA and JANE DOE CALDERA,** individually and as
19  husband and wife; **CO. II JOSEPH LOPEZ and JANE DOE**
    **LOPEZ,** individually and as husband and wife; **CO. II**
20  **SHELLY SUTPHIN and JOHN DOE SUTPHIN,** individually
    and as wife and husband; **CO. II BRANDON BUCKHOLZ and**
21  **JANE DOE BUCKHOLZ,** individually and as husband and
22  wife; **JOHN DOES I-X and JANE DOES I-X,** individually and
    as husband and wife; **BLACK CORPORATIONS I-X and**
23  **WHITE LIMITED PARTNERSHIPS I-X,**
24                          **Defendants.**
25

26          Lisa Schauwecker and John Schauwecker, by and through counsel undersigned,

27  and pursuant to Ariz. R. Civ. P. 72-76, and Local Rules of the Superior Court for

28                                          1

Maricopa County, hereby certify that the amount in controversy in the within matter **EXCEEDS** the statutory threshold for compulsory arbitration.

This matter **IS NOT SUBJECT TO** the rules of procedure for compulsory arbitration.

**RESPECTFULLY SUBMITTED** this 6th day of February, 2018.

                              **SALVADOR PHILLIPS, PLLC,**

                    By    *Delano M. Phillips, Esq.*
                          Delano M. Phillips, Esq.
                          2 N. Central, Ste. 1130
                          Phoenix, AZ 85004
                          *Attorney for Defendants*

2

## Attachment #2

**Certificates of Service By A Private Process Server for: the State of Arizona; Arizona Department of Corrections; Charles Ryan and Jane Doe Ryan; Keith Curran, Warden, ASPC-Florence; Keith Curran and Jane Doe Curran; Shelly Sutphin and John Doe Sutphin; Henry Pizano and Jane Doe Pizano; Artemio Caldera and Jane Doe Caldera; Joseph Lopez and Jane Doe Lopez; and Brandon Buckholz and Jane Doe Buckholz**

Salvador Phillips PLLC
Two N Central Ste 1130
Phoenix AZ 85004

MICHAEL K. JEANES, CLERK
BY _Holts_ DEP
FILED

18 MAR -8 PM 2: 34



## IN THE SUPERIOR COURT
### STATE OF ARIZONA, COUNTY OF MARICOPA

|  |  |
|---|---|
| LISA SCHAUWECKER, ET AL., ) | CASE #: CV2018-000952 |
| ) | |
| Plaintiff, ) | |
| vs. ) | CERTIFICATE OF SERVICE BY |
| ) | A PRIVATE PROCESS SERVER |
| STATE OF ARIZONA, ET AL., ) | |
| ) | |
| Defendant. ) | ORIGINAL |
| ) | |

Rick Schattenberg, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

### SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

Service was made upon State of Arizona c/o Attorney General, by serving Lisa Fischer, who was authorized to accept, at 2005 N Central, Phoenix AZ, on March 7, 2018 at 11:32a.m.

DATED: 3-7-18

RICK SCHATTENBERG

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 60.00

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102, #200
MESA, AZ 85210/(480) 464-8484

Salvador Phillips PLLC
Two N Central Ste 1130
Phoenix AZ 85004

# IN THE SUPERIOR COURT
## STATE OF ARIZONA, COUNTY OF MARICOPA

LISA SCHAUWECKER, ET AL.,          )          CASE #: CV2018-000952
                                                                  )
                                   Plaintiff ,                     )
vs.                                                               )          CERTIFICATE OF SERVICE BY
                                                                  )          A PRIVATE PROCESS SERVER
STATE OF ARIZONA, ET AL.,                                          )
                                                                  )
                                   Defendant.                     )           ORIGINAL
                                                                  )

Rick Schattenberg, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

### SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

1st attempt was made at the given address of 1831 W Jefferson, Phoenix AZ, on March 7, 2018 at 12:30p.m. Will not accept at this location.

Service was made upon Arizona Dept of Corrections, by serving Kelly Dudley, who was authorized to accept, at 1601 W Jefferson, Phoenix AZ, on March 7, 2018 at 12:50p.m.

DATED: 3-7-18

RICK SCHATTENBERG

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 90.00

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102, #200
MESA, AZ 85210/(480) 464-8484

MICHAEL K. JEANES, CLERK
BY
*Holts*                    DEP
FILED

18 MAR -8 PM 2: 34

Salvador Phillips PLLC
Two N Central Ste 1130
Phoenix AZ 85004

## IN THE SUPERIOR COURT
## STATE OF ARIZONA, COUNTY OF MARICOPA



LISA SCHAUWECKER, ET AL.,                    )        CASE #: CV2018-000952
                                             )
                    Plaintiff,               )
vs.                                          )        CERTIFICATE OF SERVICE BY
                                             )        A PRIVATE PROCESS SERVER
STATE OF ARIZONA, ET AL.,                    )
                                             )
                    Defendant.               )
_____)

Rick Schattenberg, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

### SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

1st attempt was made at the given address of 1831 W Jefferson, Phoenix AZ, on March 7, 2018 at 12:30p.m. Will not accept at this location.

Service was made upon Charles Ryan and Jane Doe Ryan/ Arizona Dept of Corrections, by serving Kelly Dudley, who was authorized to accept, at 1601 W Jefferson, Phoenix AZ, on March 7, 2018 at 12:50p.m.

DATED: 3-7-18

_____
RICK SCHATTENBERG

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 60.00

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102, #200
MESA, AZ 85210/(480) 464-8484

**Salvador Phillips PLLC**
**Two N Central Ste 1130**
**Phoenix AZ 85004**

### IN THE SUPERIOR COURT
### STATE OF ARIZONA, COUNTY OF MARICOPA

| | | |
|---|---|---|
| LISA SCHAUWECKER, ET AL., | ) | CASE #: CV2018-000952 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CERTIFICATE OF SERVICE BY |
| | ) | A PRIVATE PROCESS SERVER |
| STATE OF ARIZONA, ET AL., | ) | |
| | ) | |
| Defendant. | ) | **ORIGINAL** |
| | ) | |

Eugene Haugen, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

### SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

Service was made upon Shelley Sutphin and John Doe Sutphin, by serving Shelly personally, at 1305 E Butte Ave, Florence AZ, on March 22, 2018 at 3:52p.m.

DATED: 3-22 T 8                                    _____

EUGENE HAUGEN

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 90.00

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102, #200
MESA, AZ 85210/(480) 464-8484

Salvador Phillips PLLC
Two N Central Ste 1130
Phoenix AZ 85004

MAR 2 3 2018 FILED 2:17PM

MICHAEL K. JEANES, Clerk

By _S. LaSpaluto_, Deputy

## IN THE SUPERIOR COURT
## STATE OF ARIZONA, COUNTY OF MARICOPA

| | | |
|---|---|---|
| LISA SCHAUWECKER, ET AL., | ) | CASE #: CV2018-000952 |
| | ) | |
| Plaintiff , | ) | |
| vs. | ) | CERTIFICATE OF SERVICE BY |
| | ) | A PRIVATE PROCESS SERVER |
| STATE OF ARIZONA, ET AL., | ) | |
| | ) | |
| Defendant. | ) | ORIGINAL |
| | ) | |

Eugene Haugen,  being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

### SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

Service was made upon Joseph Lopez and Jane Doe Lopez, by serving Joseph personally, at 1305 E Butte Ave, Florence AZ, on March 22, 2018 at 3:18p.m.

DATED: 3-22-18

EUGENE HAUGEN

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 90.00

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE  102, #200
MESA, AZ 85210/(480) 464-8484

Salvador Phillips PLLC
Two N Central Ste 1130
Phoenix AZ 85004

## IN THE SUPERIOR COURT
## STATE OF ARIZONA, COUNTY OF MARICOPA

| | | |
|---|---|---|
| LISA SCHAUWECKER, ET AL., | ) | CASE #: CV2018-000952 |
| | ) | |
| Plaintiff , | ) | |
| vs. | ) | CERTIFICATE OF SERVICE BY |
| | ) | A PRIVATE PROCESS SERVER |
| STATE OF ARIZONA, ET AL., | ) | |
| | ) | |
| Defendant. | ) | ORIGINAL |
| | ) | |

Eugene Haugen, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

### SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

Service was made upon Artemio Caldera and Jane Doe Caldera, by serving Artemio personally, at 1305 E Butte Ave, Florence AZ, on March 22, 2018 at 6:32p.m.

DATED: 3-22-18

_____
EUGENE HAUGEN

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 90.00

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102, #200
MESA, AZ 85210/(480) 464-8484

**Salvador Phillips PLLC**
**Two N Central Ste 1130**
**Phoenix AZ 85004**

## IN THE SUPERIOR COURT
## STATE OF ARIZONA, COUNTY OF MARICOPA

| | | |
|---|---|---|
| LISA SCHAUWECKER, ET AL., | ) | CASE #: CV2018-000952 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CERTIFICATE OF SERVICE BY |
| | ) | A PRIVATE PROCESS SERVER |
| STATE OF ARIZONA, ET AL., | ) | |
| | ) | |
| Defendant. | ) | ORIGINAL |
| | ) | |

Eugene Haugen, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

### SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

Service was made upon Henry Pizano and Jane Doe Pizano, by serving Henry personally, at 1305 E Butte Ave, Florence AZ, on March 28, 2018 at 3:45p.m.

DATED: 3-28-18

EUGENE HAUGEN

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 90.00

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102, #200
MESA, AZ 85210/(480) 464-8484

Salvador Phillips PLLC
Two N Central Ste 1130
Phoenix AZ 85004

MICHAEL K. JEANES, CLERK
BY
*Holts*  DEP
FILED
18 MAR 29  PM 2: 15

IN THE SUPERIOR COURT
STATE OF ARIZONA, COUNTY OF MARICOPA

| | | |
|---|---|---|
| LISA SCHAUWECKER, ET AL., | ) | CASE #: CV2018-000952 |
| | ) | |
| Plaintiff , | ) | |
| vs. | ) | CERTIFICATE OF SERVICE BY |
| | ) | A PRIVATE PROCESS SERVER |
| STATE OF ARIZONA, ET AL., | ) | |
| | ) | |
| Defendant. | ) | ORIGINAL |
| | ) | |

Eugene Haugen,  being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

Service was made upon Keith Curran and Jane Doe Curran, by serving Keith personally, at 1305 E Butte Ave, Florence AZ, on March 28, 2018 at 4:28p.m.

DATED: 3-28-18

EUGENE HAUGEN

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 90.00

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE  102, #200
MESA, AZ 85210/(480) 464-8484

MICHAEL K. JEANES, CLERK
BY *Holts* DEP

FILED

18 MAR 29 PM 2: 15

IN THE SUPERIOR COURT
STATE OF ARIZONA, COUNTY OF MARICOPA

| | | |
|---|---|---|
| LISA SCHAUWECKER, ET AL., | ) | CASE #: CV2018-000952 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CERTIFICATE OF SERVICE BY |
| | ) | A PRIVATE PROCESS SERVER |
| STATE OF ARIZONA, ET AL., | ) | |
| | ) | |
| Defendant. | ) | **ORIGINAL** |
| | ) | |

Eugene Haugen, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

Service was made upon Keith Curran/ ADOC Florence Warden, by serving Keith personally, at 1305 E Butte Ave, Florence AZ, on March 28, 2018 at 4:28p.m.

DATED: 3-28-18

EUGENE HAUGEN

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 90.00

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102, #200
MESA, AZ 85210/(480) 464-8484

Salvador Phillips PLLC
Two N Central Ste 1130
Phoenix AZ 85004

MICHAEL K. JEANES, CLERK
BY
K. Marquez DEP
K. MARQUEZ. FILED

18 APR -3 PM 2: 07

IN THE SUPERIOR COURT
STATE OF ARIZONA, COUNTY OF MARICOPA

LISA SCHAUWECKER, ET AL.,                )        CASE #: CV2018-000952
                                         )
                 Plaintiff,              )
vs.                                      )        CERTIFICATE OF SERVICE BY
                                         )        A PRIVATE PROCESS SERVER
STATE OF ARIZONA, ET AL.,                )
                                         )
                 Defendant.              )
_____)

ORIGINAL

Eugene Haugen, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

Service was made upon Brandon Buckholz and Spouse, by serving Brandon personally, at 1305 E Butte Ave, Florence AZ, on April 2, 2018 at 4:49p.m.

DATED: 4-27-18

EUGENE HAUGEN

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 90.00

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102, #200
MESA, AZ 85210/(480) 464-8484