MGD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Schauwecker, et al., | No. CV 18-01062-PHX-DWL (BSB) |
| Plaintiffs, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

In an August 29, 2018 Order, the Court granted in part and stayed in part Defendants' Motion for Judgment on Pleadings as to All Claims of John Schauwecker and as to Lisa Schauwecker's Claims Under Counts III and IV. (Docs. 13, 30.) The Court granted the Motion as to the state law claims brought by John Schauwecker under Arizona's wrongful death statute in Counts I, II, V and VI, and dismissed those claims. (Doc. 30.) The Court stayed its ruling on the issue of Plaintiff's federal claims in Counts III and IV to allow Plaintiffs an opportunity to demonstrate that one of them has been appointed the personal representative of Brandon Beda's estate.[1] (*Id.*)

On October 2, 2018, Plaintiff Lisa Schauwecker filed documents showing that she was appointed personal representative of decedent Brandon Beda's Estate on August 1, 2018 in Pinal County Superior Court Probate Case No. PB 2018-00295. (Doc. 36-1 at 2

---

[1] In that same Order, the Court denied the individual Defendants' Motion to Dismiss, granted Defendant Arizona Department of Corrections' (ADC) Motion to Dismiss, and dismissed ADC from this action. (Doc. 30.)

to Doc. 36-4 at 2.) In an October 29, 2018 Order, the Court deemed the probate documentation to be timely filed. (Doc. 41.)

Accordingly, the Court will lift the stay on its ruling on Plaintiffs' federal claims in Counts III and IV and will now address Defendants' Motion for Judgment on the Pleadings as to those claims. The Court will also address Plaintiff's Motion to Substitute Parties Plaintiff and Motion to Amend Caption, which Defendants oppose.[2] (Docs. 46, 47.)

**I.  Motion for Judgment on the Pleadings as to Counts III and IV**

   **A.  Background**

In their Complaint, Plaintiffs allege that they are the surviving mother and in-loco parentis stepfather of Brandon Beda, who died on or about February 9, 2017 while in the custody of the ADC. (Doc. 1-3 at 8 ¶ 2.) Plaintiffs allege that certain electronic security equipment was inoperable at the prison where Beda was located, which allowed other inmates to gain access to Beda's cell and cause Beda's death by an overdose of narcotic drugs. (*Id*. at 12 ¶¶ 28-31.) Count III (listed in the Complaint as "Count IV") alleges that Beda's Eighth Amendment rights were violated when inmates were allowed "unfettered access to [Beda's] cell area, allowing inmates to administer lethal intoxicants to [Beda] without interference by [ADC] staff . . . ." (*Id*. at 16-17 ¶¶ 50-57.) Count IV alleges that Defendants maintained policies, practices, and customs that violated Beda's civil rights under 42 U.S.C. § 1983. (*Id*. at 17-19 ¶¶ 58-65.)

Defendants move for judgment on the pleadings as to Plaintiffs' claims in Counts III and IV based on lack of standing. (Doc. 13.)

   **B.  Legal Standards**

Rule 12(c) provides that "after the pleadings are closed—but early enough not to delay trial—any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Honey v. Distelrath,* 195

---

[2]  The Court will address Defendants' Motion for Summary Judgment (Doc. 44) by separate Order.

- 2 -

F.3d 531, 532-33 (9th Cir. 1999) (citing *Nelson v. City of Irvine,* 143 F.3d 1196, 1200 (9th Cir. 1998)).

The general rule is that only an individual whose constitutional rights have been violated has standing to assert a claim under 42 U.S.C. § 1983. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). Under § 1983, however, the survivors of an individual whose constitutional rights have been violated may bring a claim on that individual's behalf if the relevant state's law authorizes a survival action. *Id*. (citing 42 U.S.C. § 1988(a); *Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir. 1987)).

Under Arizona law, a survival action may be asserted by the personal representative of a decedent for any damages that a decedent could have obtained had he lived. *See* Ariz. Rev. Stat. § 14-3110; *see also Gartin v. St. Joseph's Hosp. and Med. Ctr.*, 749 P.2d 943, 944 (Ariz. Ct. App. 1998) (explaining that survival actions "carry on the claim that the decedent would have had for his injuries"); *Gandy v. United States*, 437 F.Supp.2d 1083, 1087 (D. Ariz. 2006) (under Arizona's survival statute, "[t]he claim passes from the decedent to the personal representatives, and becomes an asset of the estate") (citing *Barragan v. Superior Court of Pima Cnty.*, 470 P.2d 722, 724 (Ariz. Ct. App. 1970)).[3] Arizona law requires that a personal representative be appointed. *See* Ariz. Rev. Stat. § 14-3104. *See, e.g., Lee v. Arizona*, 2010 WL 1948584, *2-3 (D. Ariz. 2010) (holding that the plaintiff could not pursue § 1983 claims on behalf of her deceased husband without demonstrating that she had been appointed as a personal representative for his estate). The plaintiff "bears the burden of demonstrating that a particular state's law authorizes a survival action" that he or she "meets that state's requirements for bringing a survival action." *Moreland*, 159 F.3d at 369.

---

[3] A survival action is distinguished from a wrongful death action, which is intended to "compensate for the damages of the statutory beneficiaries as a result of the death, rather than for injuries suffered by the decedent himself." *Gartin*, 749 P.2d at 944; *see also Barragan*, 470 P.2d at 724 (distinguishing between a survival claim and a wrongful death claim pursuant to Ariz. Rev. Stat. § 12-611, which compensates statutory beneficiaries for their injuries.).

### C. Discussion

Plaintiffs' § 1983 claims in Counts III and IV are survival actions because they are asserted on behalf of Beda for harm he allegedly suffered while he was alive and not for harm allegedly suffered by Beda's statutory beneficiaries as a result of his death. *See Gartin*, 749 P.2d at 944; *see Tatum*, 441 F.3d at 1093 n.2. Plaintiff Lisa Schauwecker has now demonstrated that she has been appointed as the personal representative of Beda's estate under Arizona Revised Statutes § 14-3110, and she alleges sufficient facts to show constitutional violations against Beda to assert claims on his behalf. However, John Schauwecker has not demonstrated that he has been appointed as Beda's personal representative. Accordingly, the Court will grant Defendants' Motion for Judgment on Pleadings as to John Schauwecker's Claims in Counts III and IV and will deny the Motion as to Lisa Schauwecker's Claims in Counts III and IV.

## II. Motion to Substitute Parties Plaintiff and Motion to Amend Caption

In this motion, Plaintiffs ask the Court to substitute "Lisa Schauwecker, personal Representative of the Estate of Brandon Beda," for "Lisa Schauwecker and John Schauwecker, Individually and as Wife and Husband, and as Surviving Mother and Stepfather." (Doc. 46 at 1.) Plaintiffs also ask the Court to amend the case caption to read "Lisa Schauwecker, Surviving Mother of Brandon Beda, Deceased, and Lisa Schauwecker as Personal Representative of the Estate of Brandon Beda, Deceased." (*Id*. at 1-2.) Plaintiff cites Federal Rule of Civil Procedure 25(a)(1), Substitution of Parties, which provides

> ***Substitution if the Claim Is Not Extinguished***. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Defendants argue that Rule 25(a)(1) is inapplicable here because Beda died before this action was instituted and thus was never a party to this action. (Doc. 47 at 2.) Plaintiffs did not file a reply.

Rule 25 and the cases cited by Plaintiffs do not support substitution here. In each of those cases, the decedent was alive and a party at the time the action was filed; it was only after death that the decedent's legal representative moved to substitute under Rule 25. *See, e.g., Stengel v. Medtronic*, 306 F.R.D. 230, 232 (D. Ariz. 2015) ("Rule 25(a) of the Federal Rules of Civil Procedure prescribes the procedures for substituting a party when a party in pending litigation dies during the course of litigation."); *Mallonee v. Fahey*, 200 F.2d 918 (9th Cir. 1952) (noting that Rule 25(a) "provide[s] for substitution of the executor or administrator of a party who died during the pendency of an action").

Because Rule 25(a) does not provide for the substitution requested by Plaintiffs, the Motion to Substitute and Motion to Amend Caption will be denied.[4]

**IT IS ORDERED:**

(1) The stay (Doc. 30) is **lifted** on Defendants' Motion for Judgment on Pleadings as to Counts III and IV (Doc. 13).

(2) Defendants' Motion for Judgment on Pleadings as to Counts III and IV (Doc. 13) is **granted in part and denied in part** as follows:

 (a) The Motion is **granted** as to John Schauwecker's claims in Counts III and IV.

 (b) The Motion is **denied** as to Lisa Schauwecker's claims as personal representative of Brandon Beda's estate in Counts III and IV.

(3) Plaintiffs' Motion to Substitute Parties Plaintiff and Motion to Amend Caption (Doc. 46) is **denied**.

…

…

---

[4] Although the Court declines to amend the caption at this time, the dismissal of John Schauwecker's claims effectively makes Lisa Schauwecker the sole Plaintiff.

(4) The remaining claims are Lisa Schauwecker's state law wrongful death claims in Counts I, II, V and VI and the constitutional claims in Counts III and IV by Lisa Schauwecker as personal representative of Brandon Beda's estate.

Dated this 24th day of January, 2019.

_____
Dominic W. Lanza
United States District Judge