**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Schauwecker, et al., | No. CV-18-01062-PHX-DWL (ESW) |
| Plaintiffs, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is the parties' Stipulation for Extension of Time for Defendant Caldera to Disclose the Identity of His Expert Witness (Doc. 98). Defendant Caldera requests that the Court extend again the deadline for disclosure of expert witnesses.

The Court issued its Case Management Order (Doc. 26) on August 1, 2018. Defendants' expert witness disclosure deadline was set for May 24, 2019 (Id. at 3). On May 16, 2019, the Court extended Defendants' expert witness disclosure deadline to June 7, 2019 for good cause shown (Doc. 93 at 1). The Court denied the parties' request to stay the deadlines in this case pending resolution of additional dispositive motions (Doc. 96).

The Court has broad discretion in supervising the pretrial phase of litigation. *See Zivhovic v. Southern California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002). Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court is required to establish a schedule that sets pretrial deadlines. A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This is because "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly

disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir. 1992) (citation and internal quotations marks omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. *Id.* at 609. If the movant "was not diligent, the inquiry should end." *Id.* "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

If a pretrial schedule cannot be met despite the diligence of the party seeking an extension of time, the Court may modify its scheduling order. *See* MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2d ed. 1990) (good cause means scheduling deadlines cannot be met despite party's diligence). Prejudice to the opposing party may supply additional reasons to deny an extension, but the focus of the inquiry is on the moving party's reasons for seeking modification. *Johnson,* 975 F.2d at 609. "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders[.]" *Wong v. Regents of the Univ. of Cal.,* 410 F.3d 1052, 1060 (9th Cir. 2005).

The parties state no cause at all for further extension of Defendant Caldera's expert witness disclosure deadline, much less good cause. No due diligence has been shown, and the inquiry ends.

Therefore,

**IT IS ORDERED** denying without prejudice the parties' Stipulation for Extension of Time for Defendant Caldera to Disclose the Identity of His Expert Witness (Doc. 98).

Dated this 29th day of July, 2019.

_____
Honorable Eileen S. Willett
United States Magistrate Judge